**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIRSHA BROWN-YOUNGER, | No. 11-17299 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00392-PMP-PAL |
| v. | |
| PRECISION OPINION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted October 9, 2012[**]

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Kirsha Brown-Younger appeals pro se from the district court's summary

judgment in her employment action alleging disability discrimination in violation

of the Americans with Disabilities Act ("ADA") and failure to pay overtime wages

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

in violation of the Fair Labor Standards Act ("FLSA").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Brown-Younger's disability discrimination claim because Brown-Younger failed to raise a genuine dispute of material fact as to whether she suffers from a disability and whether she was subjected to an adverse employment action because of her alleged disability. *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (discussing the elements of a prima facie case of discrimination under the ADA); *see also Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("Because [Plaintiff] failed to present any evidence in opposition to Appellees' motion for summary judgment, she has failed to demonstrate that there are any genuine issues of material facts in dispute.").

The district court properly granted summary judgment on Brown-Younger's FLSA claim because Brown-Younger failed to raise a genuine dispute of material fact as to whether she was denied overtime pay to which she was entitled.  *See* 29 U.S.C. § 207(a)(1) (requiring covered employers to pay employees one and one-half wages for hours exceeding 40 hours in a work week); *Bias*, 508 F.3d at 1219.

Brown-Younger's remaining contentions that the grant of summary judgment deprived her of her right to a jury trial, that the Nevada Department of the Labor Commissioner ordered Precision Opinion to pay Brown-Younger for overtime wages and penalties, and that Precision Opinion's counsel engaged in misconduct are unpersuasive.

Brown-Younger's request for an extension of time to submit paper copies of her brief is denied as unnecessary because only Precision Opinion was ordered to file the paper copies referenced in Brown-Younger's request.

Brown-Younger's motion for a stay of proceedings is denied as moot.

**AFFIRMED.**